IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT WILLIAMS,

      Plaintiff,

vs.

SEWA SINGH, et al.,

      Defendant.

_____/

CIV. NO. S-12-0830 MCE GGH PS

FINDINGS AND RECOMMENDATIONS

      This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). It was removed from state court by defendant Padilla on April 2, 2012, and has remained inactive since. Nevertheless, a district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Having reviewed the notice of removal, the court finds that the action should be remanded to state court due to lack of subject matter jurisdiction.

      Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980

1

1  F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party
2  invoking removal."  Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994),
3  overruled on other grounds by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969,
4  979 (9th Cir. 2012).
5          A plaintiff may bring suit in federal court if his claim "arises under" federal law.
6  28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A state court defendant
7  cannot invoke the federal court's original jurisdiction.  But he may in some instances invoke the
8  court's removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical
9  to those for invoking its original jurisdiction.  The requirements for both relate to the same end,
10 that is, federal jurisdiction.
11         Removal of a state court action is proper only if it originally could have been filed
12 in federal court.  28 U.S.C. § 1441.  "[F]ederal courts have jurisdiction to hear, originally or by
13 removal, only those cases in which a well-pleaded complaint establishes either that federal law
14 creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution
15 of a substantial question of federal law."  Franchise Tax Board v. Construction Laborers
16 Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).  Mere reference to federal
17 law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,
18 93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a sufficient basis to remove
19 an action to federal court.  See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs.
20 v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by
21 defendant on the basis that defendant's counterclaim raised a federal question).
22         Here, the exhibits attached to the removal petition establish that the state court
23 action is nothing more than a simple unlawful detainer action, and is titled as such.  (See Dkt.
24 No. 1, at pp. 7-9.)  This court has no jurisdiction over unlawful detainer actions which are strictly
25 within the province of the state court.  Defendant's removal petition states that defendant filed a
26 demurrer in state court under the Protecting Tenants at Foreclosure Act, which was not sustained

by the superior court. Defendant apparently challenges the notice to vacate the premises as defective. However, as discussed above, such a defense cannot provide a sufficient basis to remove the action to federal court. Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The action be remanded to the San Joaquin County Superior Court, Manteca Branch;

2. The Clerk be directed to serve a certified copy of this order on the Clerk of the San Joaquin County Superior Court, Manteca Branch, and reference the state case number (39-2012-00276757-CL-UD-MAN) in the proof of service; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076
Williams0830.rem.wpd